CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

OCT 0 8 2009

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:05-cr-00060 |
| | ) | |
| v. | ) | <u>2255 MEMORANDUM OPINION</u> |
| | ) | |
| MARTY BROWN, | ) | By: Hon. James C. Turk |
| Petitioner. | ) | Senior United States District Judge |

Marty Brown, a federal inmate proceeding pro se, filed a motion for waiver of the plea agreement and to collaterally attack his sentence. The court interpreted the request as a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, and advised him of the court's intention to construe the motion as a § 2255 motion, pursuant to <u>Castro v. United States</u>, 540 U.S. 375 (2003). Petitioner did not object and moved the court to join additional claims to the motion. Petitioner alleges that his guilty plea was not knowing and voluntary and he received ineffective assistance of counsel. After reviewing the record, the court construes petitioner's motion as a § 2255 motion and dismisses it as untimely filed.

I.

A grand jury in the Western District of Virginia indicted petitioner on October 5, 2006, for a conspiracy to distribute, and possess with intent to distribute, measurable quantities of marijuana and more than 5,000 grams of cocaine powder and for knowingly using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime.[1] (Super. Indict. (docket #11) 1-2.) Petitioner executed a written plea agreement and entered a guilty plea on December 14, 2007. The court entered petitioner's criminal judgment on April 28, 2008, sentencing him to 168 months imprisonment, five years supervised release, and a

---

[1] The indictment also included a forfeiture count for proceeds and property used to facilitate the illegal activity.

$100 special assessment. (J. (docket #107) 2, 3, 5.) Petitioner did not note an appeal. Petitioner certifies that he signed and mailed his "motion for waiver of plea agreement" on July 28, 2009. Therefore, the court considers petitioner's construed § 2255 motion filed no earlier than July 28, 2009.

## II.

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their sentences, pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

However, a one-year statute of limitations period governs § 2255 actions, and this period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If a defendant does not timely appeal the trial court's final judgment, as in this case, the conviction becomes final ten business days after entry of the final judgment when petitioner's opportunity to appeal expires. See Fed. R. App. P. 4(b); Clay v. United States, 537 U.S. 522, 528 (2003). Therefore, petitioner's conviction became final on May 12, 2008, ten business days after entry of final judgment. Thus, for purposes of § 2255(f)(1), petitioner had until May 13, 2009, to timely file his § 2255 motion. However, petitioner did not file his § 2255 motion until July 28, 2009, more than two months after his conviction became final. Therefore, petitioner filed his § 2255 motion past the one-year statute of limitations. Accordingly, petitioner's § 2255 motion is untimely.

The court advised petitioner that his § 2255 motion appeared to be untimely and specifically requested argument or evidence addressing why the court should address the claims even though he filed them more than a year after his conviction became final. In response, petitioner submitted a motion to amend his § 2255 in which he raises additional claims but does not address the timeliness of his motion.[2] Accordingly, the court finds that petitioner's § 2255 motion to vacate is untimely filed and dismisses the motion.[3]

---

[2] Petitioner submitted a motion for an extension of time to reply to the conditional filing order. The court grants the request and considers petitioner's motion to amend as timely filed.

[3] Petitioner also filed a "motion to direct the U.S. Probation Officer to correct the presentence report." (Docket #130.) As discussed infra, the court does not have the authority to consider this claim under petitioner's untimely § 2255 motion. Pursuant to Federal Rule of Criminal Procedure 32(f), petitioner had fourteen days after receiving the presentence report to make any objections. Therefore, petitioner's current objections to the presentence report are also untimely, and the court denies the request.

III.

For the foregoing reasons, the court grants petitioner's motion for an extension of time, grants his motion to amend, dismisses his motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, and denies his motion to direct the U.S. Probation Officer to correct the presentence report.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the United States.

**ENTER**: This 7th day of October, 2009.

/s/ James C. Turk
Senior United States District Judge

4