CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 5 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:05-cr-00060-1 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| MARTY BROWN, | ) | By: Hon. James C. Turk |
|     Petitioner. | ) | Senior United States District Judge |

Marty Brown, a federal inmate proceeding pro se, filed his second motion for reconsideration of the memorandum opinion and order dismissing his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence as untimely filed. Petitioner filed this motion to reconsider more than fifty days after the court dismissed his motion to vacate. Therefore, the court considers the motion made pursuant to Rule 60 of the Federal Rules of Civil Procedure.

A motion under Rule 60(b) is timely when "filed within a reasonable time" or within one year for mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; or fraud, misrepresentation, or an opposing party's misconduct. Fed. R. Civ. P. 60(c)(1). A motion for reconsideration that "is nothing more than a request that the district court change its mind" is not authorized by Rule 60(b). United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982).

Petitioner argues that the Anti-Terrorism and Effective Death Penalty Act of 1996 is unconstitutional. Upon conditionally filing the action, the court advised petitioner that his petitioner appeared untimely and requested argument why the one-year statute of limitations should not apply. Petitioner did not present his instant arguments at that time. Moreover, the law petitioner challenges is approximately ten years old, and petitioner raises these arguments for the first time long after the dismissal of his § 2255 motion. Accordingly, the court finds that petitioner unreasonably delayed in raising these arguments and the motion is untimely filed.

Moreover, the court finds the arguments meritless as the AEDPA is constitutional. See, e.g., Felker v. Turpin, 518 U.S. 651 (1996). Accordingly, it is hereby

**ORDERED**

that petitioner's motion to reconsider (docket #138) is **DENIED**.

The Clerk is directed to send copies of this order to the petitioner and counsel of record for the United States.

ENTER: This 5th day of January, 2010.

Senior United States District Judge