CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 5 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 7:05-cr-00060-1 |
| v. | 2255 MEMORANDUM OPINION |
| MARTY BROWN,<br>Petitioner. | By: Hon. James C. Turk<br>Senior United States District Judge |

This matter is before the court upon petitioner's motion for an evidentiary hearing seeking relief from the judgment entered in his criminal case. Upon review of the instant motion, the court concludes that it is appropriately filed and dismissed as a successive § 2255 motion.

The court entered petitioner's judgment in April 2008 for conspiring to distribute narcotics. The court dismissed petitioner's first motion to vacate, pursuant to 28 U.S.C. § 2255, in October 2008. In the instant motion, petitioner argues that the prosecutor violated his constitutional rights and defense counsel provided ineffective assistance of counsel.

When a prisoner files a motion in a closed criminal case challenging his criminal judgment, the motion must often be filed and dismissed as a successive § 2255. Gonzales v. Crosby, 545 U.S. 524, 531 (2005) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)). If the motion raises claims allegedly omitted from the initial § 2255 motion, presents new evidence in support of a claim already denied, or argues for relief under subsequent changes in the substantive law, that motion is not properly considered as a motion for reconsideration and should be filed as a separate § 2255 motion instead. Id. To allow prisoners to bring new habeas claims in a subsequent motion would circumvent the requirement under § 2255(h) that any subsequent habeas claims first be certified by the court of appeals. Id. at 531-32.

A district court may consider a second or successive § 2255 motion only upon specific

certification from the Fourth Circuit Court of Appeals that the claims in the motion meet certain criteria. See § 2255(h). Court records indicate that petitioner has previously filed a § 2255 motion regarding the same conviction and/or sentence. Thus, petitioner's current § 2255 motion is a second or subsequent one under § 2255(h). As petitioner has not submitted any evidence of having obtained certification from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion, the court must dismiss the action without prejudice.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and to counsel of record for the United States.

ENTER: This 5th day of January, 2010.

/s/ James C. Turk
Senior United States District Judge